JACKSONVILLE GAS COMPANY v. THE ASKIN STORES, INC. a corporation, for itself and for the use and benefit of Laura A. (Mrs. A. P.) Wells.

182 So. 611.

Division A.

Opinion Filed April 16, 1938.

On Rehearing July 19, 1938, as Amended July 30, 1938.

*Julian Hartridge* and *Jennings & Watts,* for Plaintiff in Error;

*John E. Mathews,* for Defendant in Error.

PER CURIAM.—On the morning of February 3, 1936, A. P. Willis was found in an unconscious condition from the effect of inhaling inflammable gas. He died later in the day and was at the time found in the rear of Askin Stores, Inc., of Jacksonville, Florida, where he was employed. This action was brought by the defendant in error as plaintiff against the plaintiff in error as defendant under Section 39 of the Workmen's Compensation Act, Chapter 17481, Acts of 1935, to recover damages for the wrongful death of Willis. Numerous pleas immaterial to recite were filed, but the case was tried on the plea of not guilty, resulting in a verdict and judgment for $18,000.00 in favor of the plaintiff, to which the instant writ of error was prosecuted.

It is contended that the judgment should be reversed because: (1) The declaration failed to allege any duty on the part of defendant to the deceased; (2) The declaration fails to allege any causal connection between the death of Willis and the alleged omission of duty; (3) The evidence is insufficient to support the finding of the jury; (4) The evidence does not exclude every reasonable hypothesis that Willis came to his death from some cause other than by the negligent act of defendant; (5) The jury ignored the force of demonstrative evidence which showed conclusively that defendant was not guilty of negligence; (6) A charge to the jury that left nothing for them to consider except the question of contributing negligence, and (7) The verdict and judgment were excessive.

As to grounds one to six, inclusive, it is sufficient to say that we have examined the record and briefs and have read the supporting cases and fail to find any reversible error. The declaration sufficiently states a cause of action and while there are some conflicts in the evidence, it is ample to show negligence on the part of defendant. We cannot see that a discussion of the conflicts in the evidence or other grounds relied on would serve any useful purpose.

As to the alleged excessiveness of the verdict and judgment, the record shows that Willis was forty-seven years old at the time of his death, his widow, the defendant in error, was thirty-six and they had one child, a son fifteen years old. There is no evidence of past, present, or future earnings of Willis except a written agreement with Askins Stores, Inc., less than two weeks old, to be their manager at a salary of $200.00 per month and commission on sales exceeding a specified amount. The agreement is terminable at will. Nothing is shown of his earning history, his probable future earnings, his health, habits, or other elements that would enter into a judgment of this kind.

Verdicts in cases of this kind are predicated on what experience tables show the present value of annuities or probable future earnings based on life expectancy will amount to. In our view, the evidence is insufficient on these essential factors to base an intelligent verdict.

The cause is accordingly reversed for the sole purpose of trying this issue and no other.

Reversed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.

## ON REHEARING.

PER CURIAM.—This case is before us after oral argument pursuant to a rehearing granted after rendition of our opinion and judgment filed herein on April 16th, 1938.

We have again considered the entire record and feel that the evidence to establish the amount of damages recoverable by the plaintiff was not proven with that degree of certainty which is required. We do not mean to intimate what the verdict should be when evidence of damages sustained shall have been clearly presented under proper instruction to the jury by the court.

For the reasons stated, we adhere to our opinion and judgment, *supra*.

So ordered.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J.—I think the former opinion should be modified to cover the point of whether Wells' death was the result of an intervening efficient independent cause of his death.